United States District Court
Southern District of Texas
**ENTERED**
March 18, 2025
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| CHARLES JAMES, *et al.*, § | |
| § | |
| Plaintiffs, § | |
| VS. § | CIVIL ACTION NO. 4:24-CV-636 |
| § | |
| ALLSTATE VEHICLE AND PROPERTY § | |
| INSURANCE COMPANY, § | |
| § | |
| Defendant. § | |

# MEMORANDUM OPINION AND ORDER

This first-party insurance case was removed to this Court from Texas state court under the diversity jurisdiction statute, 28 U.S.C. § 1332. (Dkt. 1). Plaintiffs assert claims for fraud, breach of contract, breach of the duty of good faith and fair dealing, and violations of the Texas Deceptive Trade Practices Act and the Texas Insurance Code. (Dkt. 1-4 at pp. 12–17).

Pending before the Court is a motion to dismiss filed by Defendant Allstate Vehicle and Property Insurance Company ("Allstate"). Allstate argues, among other things, that this case should be dismissed under Federal Rule of Civil Procedure 12(b)(6) because Plaintiffs' claims against it are barred by the doctrine of res judicata. The Court agrees. Allstate's motion (Dkt. 15) is **GRANTED**.

—*Background*

Plaintiffs, Charles and Cheryl James ("the Jameses"), have sued Allstate for its handling of a storm damage claim. In their live pleading, the Jameses allege that Allstate, through a vendor, conducted an inspection of their home on September 25, 2020 and

underpaid their storm damage claim based on factually inaccurate findings. (Dkt. 1-4 at pp. 4–7). The Jameses further allege that "Allstate did not investigate the weather at or near [their] property during the entire investigation of this claim; they pulled no storm reports, no wind reports, and no hail reports. Allstate failed to provide any findings, conclusions, or determinations related to weather to [the Jameses]." (Dkt. 1-4 at p. 5). According to the Jameses, "Allstate misrepresented" the extent of the damage to their home "as of September 25, 2020" and compiled an inaccurate damage estimate that, after "application of depreciation and [the policy] deductible," left the Jameses "without adequate funds to make repairs" to their home. (Dkt. 1-4 at p. 7).

In its motion to dismiss, Allstate contends that the Jameses are attempting to relitigate a prior lawsuit that was dismissed on Allstate's motion for summary judgment by Judge Keith Ellison of the Southern District of Texas. *See* case number 4:21-CV-1814 at docket entries 44, 58, 59. In the lawsuit before Judge Ellison, the Jameses alleged that Allstate, through an agent, conducted an inspection of their home on September 25, 2020 and underpaid their storm damage claim based on factually inaccurate findings. *See* case number 4:21-CV-1814 at docket entry 1-4, pages 4–5. The Jameses further alleged that Allstate "did not investigate the weather at or near [their] property[;] pulled no storm reports, no wind reports, and no hail reports[;] and failed to provide any findings, conclusions, or determinations related to weather to [the Jameses]." *See* case number 4:21-CV-1814 at docket entry 1-4, pages 4–5. Ultimately, Judge Ellison granted summary judgment in favor of Allstate because the Jameses failed to produce evidence that the storm damage at issue occurred during the policy period identified in the Jameses' pleading. *See*

case number 4:21-CV-1814 at docket entry 44. Judge Ellison noted that the Jameses' expert attributed the storm damage to two storms, neither of which took place during the policy period pled by the Jameses:

> THE COURT: Okay. Well, my concern is that looking to the petition of the complaint, it looks like the policy period was from June 20th, 2020, to June 20, 2021; and the allegation in the complaint is that plaintiff sustained damage during the policy period; but it appears from plaintiffs' own expert that the damage resulted from two storms, one on October 11th of 2019 and one on April 9, 2020, neither of which is in the policy period.

*See* case number 4:21-CV-1814 at docket entry 44, page 3.

Judge Ellison entered a final judgment dismissing the Jameses' claims with prejudice and denying their request to amend their pleading. *See* case number 4:21-CV-1814 at docket entries 58, 59. Allstate argues in its motion to dismiss that "[a] review of the court's record" from Judge Ellison's case "makes clear" that the claims in this lawsuit "have already been adjudicated in Allstate's favor." (Dkt. 15 at p. 16). In response, the Jameses contend that this lawsuit is different from their lawsuit before Judge Ellison because they filed two different storm claims with Allstate, one in October 2019 and one in July 2020. (Dkt. 17 at p. 12).

*—Rule 12(b)(6)*

Rule 8 of the Federal Rules of Civil Procedure requires a pleading to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A motion filed under Federal Rule of Civil Procedure 12(b)(6) tests a pleading's compliance with this requirement and is "appropriate when a defendant attacks the complaint because it fails to state a legally cognizable claim." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). A complaint can be dismissed under Rule 12(b)(6) if its well-pleaded factual allegations, when taken as true and viewed in the light most favorable to the plaintiff, do not state a claim that is plausible on its face. *Amacker v. Renaissance Asset Mgmt., LLC*, 657 F.3d 252, 254 (5th Cir. 2011); *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010). As the Fifth Circuit has further clarified:

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. This includes the basic requirement that the facts plausibly establish each required element for each legal claim. However, a complaint is insufficient if it offers only labels and conclusions, or a formulaic recitation of the elements of a cause of action.
> *Coleman v. Sweetin*, 745 F.3d 756, 763–64 (5th Cir. 2014) (quotation marks and citations omitted).

Furthermore, "a complaint may be dismissed if it clearly lacks merit—for example, where there is an absence of law to support a claim of the sort made." *Thurman v. Medical Transportation Management, Inc.*, 982 F.3d 953, 956 (5th Cir. 2020) (quotation marks omitted).

When considering a motion to dismiss under Rule 12(b)(6), the Court's review is limited to the complaint; any documents attached to the complaint; any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint; and matters subject to judicial notice under Federal Rule of Evidence 201. *Allen v. Vertafore, Inc.*, 28 F.4th 613, 616 (5th Cir. 2022); *George v. SI Group, Inc.*, 36 F.4th 611, 619 (5th Cir. 2022).

*—Res judicata*

The doctrine of res judicata precludes relitigation of claims that have been finally adjudicated. *Bullard v. Webster*, 679 F.2d 92, 93 (5th Cir. 1982). Dismissal under Rule 12(b)(6) on res judicata grounds is appropriate when the elements of res judicata are apparent on the face of the pleadings and orders from prior lawsuits. *See Meyers v. Textron, Inc.*, 540 Fed. App'x 408, 410 (5th Cir. 2013); *Ho-Huynh v. Bank of Am., N.A.*, No. 3:14-CV-69, 2014 WL 12599510, at *2 (S.D. Tex. Nov. 14, 2014). The Court may raise and consider the res judicata bar *sua sponte* and may take judicial notice of prior lawsuits. *Arizona v. California*, 530 U.S. 392, 412–13 (2000); *Clyce v. Farley*, 836 Fed. App'x 262, 267 (5th Cir. 2020).

"[W]hile federal law ultimately determines whether a federal judgment precludes a subsequent action or argument, when the basis of the original court's jurisdiction is diversity of citizenship, federal courts should apply the law of the forum state unless the state law is incompatible with federal interests." *American Home Assurance Co. v. Chevron, USA, Inc.*, 400 F.3d 265, 271 n.20 (5th Cir. 2005). "Under Texas law, a party seeking to have an action dismissed on the basis of res judicata must establish the presence

of three things: (1) a prior final judgment on the merits by a court of competent jurisdiction; (2) identity of parties or those in privity with them; and (3) a second action based on the same claims as were raised or could have been raised in the first action." *E.E.O.C. v. Jefferson Dental Clinics, PA*, 478 F.3d 690, 694 (5th Cir. 2007) (quotation marks omitted). Here, the Jameses concede that the first two elements are met. (Dkt. 17 at p. 12).

      i.      <u>Same claims</u>

With regard to the third element, the Court agrees with Allstate that this lawsuit is based on the same claims as were raised or could have been raised in Judge Ellison's case.

As employed by Texas courts, res judicata "ensures that a defendant is not twice vexed for the same acts and achieves judicial economy by precluding those who have had a fair trial from relitigating claims." *Matter of 3 Star Properties, L.L.C.*, 6 F.4th 595, 607 (5th Cir. 2021) (quotation marks and brackets omitted). Accordingly, under Texas law "[t]he scope of res judicata is not limited to matters actually litigated; the judgment in the first suit precludes a second action by the parties and their privies not only on matters actually litigated, but also on causes of action or defenses which arise out of the same subject matter and which might have been litigated in the first suit." *Barr v. Resolution Trust Corp. ex rel. Sunbelt Federal Savings*, 837 S.W.2d 627, 630 (Tex. 1992) (emphasis omitted).

"In determining whether two actions are sufficiently related for purposes of res judicata . . . , Texas follows a transactional approach." *Weaver v. Texas Capital Bank N.A.*, 660 F.3d 900, 907 (5th Cir. 2011). To decide whether two lawsuits arose out of the same transaction, Texas courts consider several factors, including the lawsuits' "relatedness in

time, space, origin, or motivation, and whether, taken together, they form a convenient unit for trial purposes." *Id.* (quotation marks omitted). "A determination of what constitutes the subject matter of a suit necessarily requires an examination of the factual basis of the claim or claims in the prior litigation." *Barr*, 837 S.W.2d at 630. "It requires an analysis of the factual matters that make up the gist of the complaint, without regard to the form of action." *Id.* "Any cause of action which arises out of those same facts should, if practicable, be litigated in the same lawsuit." *Id.*

The Court concludes that this lawsuit is based on the same claims as were raised or could have been raised in Judge Ellison's case. The Jameses contend that this lawsuit is different from their case before Judge Ellison because they filed two different storm claims with Allstate, one in October 2019 and one in July 2020. (Dkt. 17 at p. 12). The Court disagrees. Both of the Jameses' lawsuits arose out of the same September 25, 2020 inspection of their home and the alleged underpayment by Allstate stemming from that inspection. The fact that the Jameses filed two storm-damage claims and not just one is immaterial because their two lawsuits against Allstate share a factual basis. At the very least, this lawsuit involves "related matters that, with the use of diligence, should have been litigated" before Judge Ellison. *Id.* at 628. Under the transactional test, the Court concludes that Judge Ellison's judgment bars the Jameses' claims in this lawsuit.

By all indications, the Jameses simply pled the wrong policy period in their first lawsuit, leading Judge Ellison to grant summary judgment for Allstate when the Jameses could not muster evidence showing that their home suffered storm damage within the applicable policy period. The Jameses are not entitled to bring identical claims in another

lawsuit to remedy their failure to plead and prove their claims properly before Judge Ellison. As previously mentioned, res judicata under Texas law "ensures that a defendant is not twice vexed for the same acts and achieves judicial economy by precluding those who have had a fair trial from relitigating claims." *Matter of 3 Star Properties*, 6 F.4th at 607 (quotation marks and brackets omitted). This lawsuit falls within those explicit policy prescriptions, and the Court concludes that the elements of res judicata are satisfied.

*—Conclusion*

For the reasons stated above, the motion to dismiss filed by Defendant Allstate Vehicle and Property Insurance Company (Dkt. 15) is **GRANTED**. Plaintiffs' claims are **DISMISSED WITH PREJUDICE**. The Court will issue a separate final judgment.

SIGNED at Houston, Texas on March 18, 2025.

GEORGE C. HANKS, JR.
UNITED STATES DISTRICT JUDGE